# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RICKY KAMDEM-OUAFFO,

                Plaintiff,

v.

TAPFIN NORTH AMERICA SHARED SERVICES TEAM, CAMPBELLS SOUP COMPANY, TASK MANAGEMENT INC., CARY HAYES, DENISE M. MORRISON, CARLOS J. BARROSO, SCOTT KELLER, STEFAN MOHAN, CORIE HESS, LINDA HARRISON, DUANE MORRIS, JONATHAN D. WETCHLER, TREVOR H. TANIGUCHI, MCELROY, DEUTSCH, MULVANEY & CARPENTER LLP, BERNARD E. JACQUES, DAYNE R. JOHNSON, JOHN/JANE DOE, and ABC CORPORATION 1-10,

                Defendants.

Case No. 19-CV-607-JPS

**ORDER**

On April 26, 2019, Plaintiff Ricky Kamdem-Ouaffo filed his *pro se* complaint in this matter. (Docket #1). He has paid the full filing fee. In this Order, the Court exercises its inherent authority to *sua sponte* screen cases that are "transparently defective" in order to "save everyone time and legal expense." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). This authority extends to cases in which the plaintiff has paid the filing fee. *Id*.

Plaintiff alleges, among other things, violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (Docket #1 at 3). Generally speaking, he claims that his past employers, Defendants Tapfin North

America Shared Services Team ("TAPFIN"), Campbell's Soup Company, and Task Management Inc., along with various related individuals, unlawfully retaliated against him by terminating his position and then failing to re-hire him because they learned that he had sued past employers under Title VII. His complaint spans nearly 300 pages and includes more than one thousand paragraphs of factual allegations. (Docket #1-2). He names 16 defendants, as well as a dozen John or Jane Does. *Id.* at 1. The "shotgun" approach to Plaintiff's pleading creates two problems.

To begin, it fails to satisfy Rule 8(a)(2)'s requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). There is a reason that the rule specifies a *"short and plain"* statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed–Martin Corp.,* 328 F.3d 374, 378 (7th Cir. 2003). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens,* 706 F.3d 843, 844 (7th Cir. 2013) (quoting *Garst,* 328 F.3d at 378). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Id.* In *Garst,* the Seventh Circuit upheld the district court's decision to dismiss a complaint that was 155 pages with more than 400 numbered paragraphs and 99 attachments. *Garst,* 328 F.3d at 379.

In this case, Plaintiff's complaint is unreasonably voluminous. That problem is due in part to another issue with the complaint: it is almost entirely duplicative of another case Plaintiff is litigating in the District of New Jersey, and therefore most of the defendants and claims in this case

should not be here. In the New Jersey action, Case No. 18-CV-298-NLH-JS (D.N.J.), Plaintiff brings retaliation claims based on the same facts underlying this action against nearly all of the same defendants. The only meaningful difference the Court can discern, without combing through every inch of Plaintiff's interminable complaint, is that Plaintiff has added TAPFIN as a defendant in this action. Indeed, Plaintiff alleges in his complaint that "[d]uring an action with similar background [in New Jersey], Plaintiff learned for the first [time] that one of the business entities involved in the unlawful termination of Plaintiff's employment by co-defendants was an out-of-State business entity named [TAPFIN] and that a person named Cary Hayes worked for that entity." (Docket #1-2 at 5). TAPFIN, he alleges, is a Wisconsin company located in Milwaukee. *Id.*

Plaintiff cannot concurrently pursue the same claims against the same defendants in two different federal courts. The Court must, therefore, strike Plaintiff's current complaint, but it will afford Plaintiff an opportunity to submit an amended complaint correcting the above-described defects. If he wishes to pursue in this Court claims against TAPFIN and any related individuals who he is not suing in New Jersey, he must file an amended complaint against only those defendants. Plaintiff's amended complaint, should he choose to file one, must also be substantially more "short and plain," including only the relevant allegations against the properly-named defendant(s). The Court envisions this complaint to be ten pages or fewer in length. He must also plead a causal connection between the defendant(s) and his alleged injury.

If Plaintiff wants to proceed, he must file an amended complaint on or before **June 3, 2019**. Failure to file an amended complaint within this time period may result in dismissal of this action.

Accordingly,

**IT IS ORDERED** that Plaintiff's complaint (Docket #1) be and the same is hereby **STRICKEN**; and

**IT IS FURTHER ORDERED** that Plaintiff shall file an amended complaint on or before **June 3, 2019**.

Dated at Milwaukee, Wisconsin, this 1st day of May, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge