UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RICKY KAMDEM-OUAFFO,<br><br>      Plaintiff,<br><br>v.<br><br>TAPFIN NORTH AMERICA SHARED SERVICES TEAM, CAMPBELLS SOUP COMPANY, TASK MANAGEMENT INC., CARY HAYES, DENISE M. MORRISON, CARLOS J. BARROSO, SCOTT KELLER, STEFAN MOHAN, CORIE HESS, LINDA HARRISON, DUANE MORRIS, JONATHAN D. WETCHLER, TREVOR H. TANIGUCHI, MCELROY, DEUTSCH, MULVANEY & CARPENTER LLP, BERNARD E. JACQUES, DAYNE R. JOHNSON, JOHN/JANE DOE, and ABC CORPORATION 1-10,<br><br>      Defendants. | Case No. 19-CV-607-JPS<br><br><br><br><br><br>**ORDER** |

  On June 5, 2019, the Court dismissed this action without prejudice because Plaintiff Ricky Kamdem-Ouaffo refused to follow the Court's order that he submit an amended complaint. (Docket #4). On June 13, 2019, Plaintiff filed a document entitled "Objections Pursuant to the Fed. R. Civ. Proc. Rule 46 to the Court's [ECF # 2 and 4] Orders Striking and/or Dismissing Case Without Prejudice." (Docket #6). He wants the Court to "Amend/Supplement" its previous orders in this case to reflect, among other things, that Plaintiff did not ask that this case be dismissed.

Federal Rule of Civil Procedure ("FRCP") 46 sets forth the procedure to object to court rulings and issues at trial. No trial has taken place in this action; this rule does not apply to Plaintiff's request. Plaintiff's motion reads like a motion for reconsideration, but he concludes by expressly denouncing any request for reconsideration. *Id.* at 14.

Nonetheless, the Court construes Plaintiff's *pro se* motion generously as a motion for reconsideration under FRCP 59(e), which permits a party to request that a court "alter or amend a judgment." A court may "alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). "A Rule 59(e) motion 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" *United States v. Resnick*, 594 F.3d 562 (7th Cir. 2010) (quoting *Bordelon v. Chi. Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000)).

Plaintiff has not demonstrated a manifest error of law, and he does not present any newly discovered evidence that would change the Court's dismissal order. He simply believes that after he refused to file an amended complaint as ordered, the Court should have relented and resurrected the original complaint which the Court had previously stricken. Plaintiff's complaint was stricken because it failed to satisfy FRCP 8(a)(2)'s requirement of a "short and plain statement of the claim showing that the pleader is entitled to relief," and because it was almost entirely duplicative of another case Plaintiff is litigating in the District of New Jersey. Plaintiff concedes, as he must, that he expressly refused to file an amended

complaint to correct these deficiencies. This amounts to a failure to prosecute, and this case was properly dismissed on that ground.

Plaintiff's motion for reconsideration will be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Docket #6) be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 17th day of June, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge